IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02297-BNB

DOROTHY E. JONES,

    Plaintiff,

v.

OFFICE OF THE ATTORNEY GENERAL,
JOHN HICKENLOOPER, State of Colorado Governor,
COLORADO DEPARTMENT OF CORRECTIONS,
DONA ZAVISLAN, Warden,
THORTON, Lt.,
SICKENDICK, Sgt.,
RODRIGUEZ, Sgt.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Dorothy E. Jones, is in the custody of the Colorado Department of Corrections (DOC) and is incarcerated currently at the Denver Women's Correctional Facility. Ms. Jones initiated this action by filing a Prisoner Complaint asserting a deprivation of her constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Ms. Jones has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and has paid an initial partial filing fee.

The Court will construe the Complaint liberally because Ms. Jones is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for **pro se** litigants. **See Hall**, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons

discussed below, Ms. Jones will be ordered to file an amended complaint.

Ms. Jones alleges that in March 2012, she reported to her assigned job at the prison kitchen. She informed Defendant Thornton that she did not feel well. Specifically, Plaintiff had been experiencing nausea, vomiting, and a rapid heartbeat. She told Defendant Thornton that she wanted to claim a medical emergency. Thornton told her to sit down and drink some water. Defendant Thornton then warned Plaintiff that if she wanted to declare a medical emergency, she would receive a disciplinary write-up for refusal to work. Ms. Jones returned to work and felt worse. Defendant Sickendick refused pleas for medical attention. Sgt. Ray observed that Plaintiff was having a stroke and called the medical department. Plaintiff did not receive any medical attention for thirty-five minutes. She was taken to the hospital and remained there for one week. While Ms. Jones was hospitalized, she received a disciplinary write-up for refusal to work, but it was thrown out. Plaintiff alleges that Defendants were deliberately indifferent to her health and welfare in violation of the Eighth Amendment. She seeks monetary relief.

Plaintiff's claim against the Colorado Department of Corrections is barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. ***Steadfast Ins. Co. v. Agricultural Ins. Co.***, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. ***See Griess v. Colorado***, 841 F.2d 1042, 1044–45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section

1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Plaintiff's amended complaint should not include a claim against the DOC.

Furthermore, the Complaint is deficient because Ms. Jones fails to allege facts that demonstrate how each of the named Defendants participated in a deprivation of her constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). The body of the Complaint does not contain any factual allegations to implicate Defendant Rodriquez or the Colorado Attorney General in a violation of his constitutional rights. Furthermore, a supervisor defendant, such as Governor John Hickenlooper and Warden Dona Zavislan, cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the

defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." ***Fogarty v. Gallegos***, 523 F.3d 1147, 1162 (10th Cir. 2008). Accordingly, it is

ORDERED that Plaintiff, Dorothy E. Jones, **within thirty (30) days from the date of this Order,** shall file an amended complaint that complies with the directives in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this Order within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED September 27, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge