IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02297-BNB

DOROTHY E. JONES,

      Plaintiff,

v.

OFFICE OF THE ATTORNEY GENERAL,
JOHN HICKENLOOPER, State of Colorado Governor,
COLORADO DEPARTMENT OF CORRECTIONS,
DONA ZAVISLAN, Warden,
THORTON, Lt.,
SICKENDICK, Sgt.,
RODRIGUEZ, Sgt.,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Dorothy E. Jones, is a prisoner in the Colorado Department of

Corrections (DOC).  She is incarcerated at the Denver Women's Correctional Facility.

Ms. Jones initiated this action on August 28, 2012, by filing ***pro se*** a Prisoner Complaint

alleging a deprivation of her constitutional rights pursuant to 28 U.S.C. § 1343 and 42

U.S.C. § 1983.  She has been granted leave to proceed *in forma pauperis* and has paid

an initial partial filing fee.

In a September 27, 2012 Order, Magistrate Judge Boyd N. Boland reviewed the

Complaint and found that it was deficient because it failed to allege the personal

participation of each Defendant in a violation of Plaintiff's constitutional rights.  The

Court further found that Plaintiff's claims against the Colorado Attorney General were

barred by Eleventh Amendment immunity.  Accordingly, Magistrate Judge Boland directed Plaintiff to file an amended complaint within thirty (30) days.  The Court warned Plaintiff that failure to file an amended complaint may result in the dismissal of some Defendants.  Plaintiff did not file an amended complaint.

The Court must construe the Complaint liberally because Ms. Jones is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, Ms. Jones has been granted leave to proceed *in forma pauperis*.  Under 28 U.S.C. § 1915A, the Court is required to review the Complaint because Ms. Jones is a prisoner and the Defendants are officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the Complaint, or any portion thereof, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the complaint, in part.

Ms. Jones alleges in the Complaint that in March 2012, she reported to her assigned job at the prison kitchen.  She informed Defendant Thorton that she did not feel well. Specifically, Plaintiff had been experiencing nausea, vomiting, and a rapid heartbeat.  She told Defendant Thorton that she wanted to claim a medical emergency. Defendant Thorton told her to sit down and drink some water.  Defendant Thorton then

warned Plaintiff  that if she wanted to declare a medical emergency, she would receive

a disciplinary write-up for refusal to work.  Ms. Jones returned to work and felt worse.

Defendant Sickendick refused her pleas for medical attention.  Sgt. Ray observed that

Plaintiff was having a stroke and called the medical department.  Plaintiff did not receive

any medical attention for thirty-five minutes.  She was taken to the hospital and

remained there for one week.  While Ms. Jones was hospitalized, she received a

disciplinary write-up for refusal to work, but it was thrown out.  Plaintiff alleges that

Defendants were deliberately indifferent to her health and welfare, in violation of the

Eighth Amendment.  She seeks monetary relief.

Plaintiff's claim against the Colorado DOC is barred by the Eleventh Amendment.

Eleventh Amendment immunity extends to states and state agencies deemed "arms of

the state" that have not waived their immunity, regardless of the relief sought. *Steadfast

Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  The DOC is

an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v.

Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988).  Congress did not abrogate

Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S.

332, 345 (1979).  Accordingly, the Court finds that the Colorado DOC is an improper

party to this action and the claims asserted against that Defendant are legally frivolous.

Furthermore, the Complaint is deficient because Ms. Jones does not allege facts

to show that Defendants Office of the Attorney General, State of Colorado Governor

John Hickenlooper, Warden Zavislan, and Sgt. Rodriquez personally participated in a

deprivation of her constitutional rights so as to be held liable under 42 U.S.C. § 1983.

*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*,

3

473 U.S. 159, 166 (1985).  Magistrate Judge Boland warned Ms. Jones in the

September 27 Order that the personal participation of the Defendants was an essential

element of a § 1983 action.

Magistrate Judge Boland further warned Ms. Jones in the September 27  Order

that a supervisor is only liable for a constitutional violation that he or she has caused.

*See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there

must be an affirmative link between the alleged constitutional violation and each

Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City*

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at

1200-1201 ("[Defendant-supervisors may be liable under § 1983 [or *Bidens*] where an

'affirmative' link exists between the unconstitutional acts by their subordinates and their

'adoption of any plan or policy. . .–express or otherwise–showing their authorization or

approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Supervisors cannot be held liable merely because of their supervisory positions.  *See*

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d

479, 483 (10th Cir. 1983).   Because Plaintiff does not allege any facts to show that

Defendants Office of the Attorney General, State of Colorado Governor John

Hickenlooper, Warden Zavislan and Sgt. Rodriquez personally participated in a

deprivation of her constitutional rights, those Defendants are improper parties to this

action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR8.2.C, the

Court has determined that Ms. Jones' constitutional claims against Defendants Thorton

and Sickendick are not appropriate for summary dismissal and that the case should be

4

drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.

Accordingly, it is

ORDERED that Defendants Colorado Department of Corrections, Office of the

Attorney General, State of Colorado Governor John Hickenlooper, Warden Zavislan,

and Sgt. Rodriquez are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a

magistrate judge.

DATED at Denver, Colorado, this  7th  day of  ___November_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court