IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02297-MSK-KLM

DOROTHY E. JONES,

      Plaintiff,

v.

SICKENDICK, Sgt., and
THORTON, Lt.,

      Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendants' Motion to Dismiss** [Docket No. 18; Filed January 14, 2013] (the "Motion").  Plaintiff did not file a Response.  The Motion is ripe for review.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1C(3), the Motion has been referred to this Court for recommendation [#20].The Court has reviewed the Motion, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **recommends** that the Motion be **granted** and Plaintiff's Complaint be **dismissed without prejudice**.

### I.  Factual and Procedural Background

      Plaintiff, who proceeds in this matter *pro se*, was a prisoner incarcerated at either the Denver Reception and Diagnositc Center ("DRDC") or the Denver Women's

Correctional Facility.[1]  Plaintiff brings this lawsuit pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 to address an incident that occurred while she was working in the kitchen at DRDC.  *Compl.* [#1] at 5.  She claims that Defendants "showed a deliberate indifference for [her] health and safety therefore violating [her] rights under the . . . Eighth Amendment." *Id.* at 6.  Plaintiff alleges that in March 2012, while performing her job in the DRDC kitchen, she "was nauseous and had been vomiting [and] also felt like [her] heart was racing." *Id.* She alleges that she informed Defendant Thorton that she did not feel well.  *Id.*  Plaintiff claims that she "wanted to claim a medical emergency [but Defendant] Thorton told [her] to go sit down and drink water."  *Id.*  Plaintiff further alleges that shortly afterward Defendant Thorton "made a statement to all offenders that if you want to declare a medical emergency just to get out of work you will receive a write up for refusal to work." *Id.* Plaintiff avers that she then returned to work and felt much worse. *Id.*  She claims that Defendant Thorton tried to contact the medical department but that Defendant "Thorton notified [her] that medical was not answering."  *Id.*  She claims that while working she became dizzy and another inmate yelled at Defendant Sickendick to get medical assistance. *Id.*  Plaintiff claims it "took medical 35 minutes to respond to the medical call." *Id.*  She alleges that "[i]t should not have taken them this much time to respond because they are right next door."  *Id.* at 6.  Plaintiff further alleges that she was taken to the hospital, treated for stroke, and remained there for one week. *Id.* at 6.  She further claims that while she was in the hospital she was "written up for refusal to work" but that the "write

---

[1] In the Complaint, Plaintiff named the Warden of the Denver Women's Correctional Facility as a defendant, who was dismissed on November 7, 2012 [#8], and states that when the incident described in her Complaint occurred, she was working in the DRDC kitchen. *Compl.* [#1] at 5.

up was eventually thrown out." *Id*. As a result, Plaintiff seeks $5,000,000 in damages, expenses, fees, and costs. *Id*. at 10. Plaintiff further requests that Defendants "be removed from their current positions and reassigned." *Id*.

On September 27, 2012, the Court ordered Plaintiff to file an amended complaint, stating that "the Complaint is deficient because Ms. Jones fails to allege facts that demonstrate how each of the named Defendants participated in a deprivation of her constitutional rights." *Order* [#7] at 3. Plaintiff did not comply with the Order. As a result, on November 7, 2012, the Court dismissed the majority of Plaintiff's claims, leaving only the claims against Defendants Thornton and Sickendick addressed in this Order.

Defendants responded to Plaintiff's Complaint with the Motion at issue [#18]. Defendants contend that Plaintiff's Complaint [#1] should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for the following reasons: (1) Defendants are entitled to immunity pursuant to the Eleventh Amendment; (2) Plaintiff failed to allege that Defendant Thorton personally participated in the purported Eighth Amendment violation; (3) Plaintiff failed to allege that she suffered a physical injury which would entitle her to compensatory damages; (4) Plaintiff failed to allege a violation of the Eighth Amendment; and (5) Defendants are entitled to qualified immunity. *See generally Motion* [#18].

## II.  Standard of Review

### A.     Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P.

3

12(b)(1).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly

construed.  *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden

of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Id.*  (citing

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or

factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing

a facial attack on a complaint, the Court accepts the allegations of the complaint as true.

*Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not

presume the truthfulness of the complaint's factual allegations."  *Id.* at 1003.  With a factual

attack, the moving party challenges the facts upon which subject-matter jurisdiction

depends.  *Id.*  The Court therefore must make its own findings of fact.  *Id.*  In order to make

its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow

affidavits, other documents, and a limited evidentiary hearing."  *Id.* (citing *Ohio Nat'l Life

Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d

257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)).  The Court's reliance on

"evidence outside the pleadings" to make findings concerning purely jurisdictional facts

does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary

judgment pursuant to Rule 56.  *Id.*

**B.     Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ.

P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can

4

be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (quotation marks and citation omitted).

When considering Plaintiff's Complaint [#1], the Court is mindful that it must construe

the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to

round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf."  *Whitney*

*v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

In addition, *pro se* litigants must follow the same procedural rules that govern other

litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

### A.    Qualified Immunity

Defendants assert an entitlement to qualified immunity in their Motion, thus the Court

will first examine whether Plaintiff's Complaint passes muster pursuant to Fed. R. Civ. P.

12(b)(6).  *Butler v. Rio Rancho Public Schools Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir.

2003) ("Since the [Defendant] raised the defense of qualified immunity in its motion to

dismiss, we first examine whether [Plaintiff] asserted a violation of federal law in [her]

complaint."); *see also Motion* [#18] at 9-10.  Qualified immunity, in certain circumstances,

protects government officials from litigation when they are sued in their individual

capacities.[2]  *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 814-18 (1982).  "[G]overnment

---

[2]  Plaintiff does not specifically state that she brings suit against Defendants in their individual capacities.  However, the Court will give Plaintiff the benefit of the doubt and assume for purposes of this Order that she brings suit against Defendants both in their individual and official capacities.  Therefore, the Court evaluates whether Plaintiff fails to state a claim upon which relief may be granted against Defendants in their individual capacities.  To the extent Plaintiff fails to establish the violation of a constitutional right, assuming Plaintiff has also asserted claims against Defendants in their official capacities, such a claim should also be dismissed, as further explained below.  *Dawson v. Johnson*, 266 F. App'x 713, 715-17 (10th Cir. 2008) (unpublished) (holding that dismissal of both official and individual capacity claims against an individual is appropriate where plaintiff failed to show particular defendant violated plaintiff's constitutional rights); *Ajaj v. Fed. Bureau of Prisons*, No. 08-cv-02006-MSK-MJW, 2011 WL 902440, at *4 n.6 (D. Colo. Mar. 10,

officials . . . generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818.  In their Motion, Defendants argue that Plaintiff has not sufficiently alleged that Defendants "violated her federal constitutional or statutory rights." *Motion* [#18] at 10.

A government official is entitled to qualified immunity from liability for civil damages when his or her allegedly unlawful conduct did not violate any of the plaintiff's statutory or constitutional rights that (1) were "clearly established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position. *Harlow*, 457 U.S. at 818 (stating that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that although qualified immunity determination involves a two-part inquiry, if the plaintiff fails either inquiry reviewed in any order, no further analysis need be undertaken and qualified immunity is appropriate).  The Supreme Court has stated that "[f]or executive officials in general . . . our cases make plain that qualified immunity represents the norm." *Id.* at 807.  Thus, a government official is entitled to qualified immunity in "[a]ll but the most exceptional cases." *Harris v. Bd. of Educ. of the City of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

As further explained below, the Court concludes that Plaintiff fails to state a cognizable constitutional violation against either of the Defendants.  Plaintiff's claim is

---

2011) (same).

based on the assertion that the prison's medical services took 35 minutes to respond after Defendant Thorton attempted to call for help.  *Compl.* [#1] at 5.  This allegation does not constitute an Eighth Amendment violation as a matter of law.   Therefore, the Court recommends finding that Plaintiff has not pled a plausible violation of her Eighth Amendment rights, and Defendants are entitled to qualified immunity.[3]

## B.      Failure to State a Plausible Eighth Amendment Claim

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted.  U.S. Const. amend. VIII.  Punishments which "involve the unnecessary and wanton infliction of pain" violate this provision.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  Because "[a]n inmate must rely on prison authorities to treat h[er] medical needs," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment," *id.* at 104 (quoting *Gregg*, 428 U.S. at 173).  To prove a claim of deliberate indifference, a prisoner must establish that (1) she was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) the

---

[3] The Court proceeds to evaluate the merits of Plaintiff's claim assuming, *arguendo*, that Plaintiff properly pleads personal participation by Defendants.  Facts which speak to a party's personal participation are essential to stating a Section 1983 claim against an individual.  *See Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, (10th Cir. 2001) (holding that plaintiff must plead an affirmative link between the defendant's conduct and any constitutional violation); *Allen Oil & Gas, LLC v. Klish*, 113 F. App'x 869, at *870 (10th Cir. 2004) ("In order to state a claim for relief under § 1983, plaintiff must show an affirmative link between defendants' conduct and the alleged constitutional violation"); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (holding that defendant cannot be held liable in a § 1983 action unless he or she caused or personally participated in the alleged constitutional violation).  As explained herein, even if Plaintiff adequately pled personal participation (which Defendants do not concede), the complained-of conduct does not state a violation of the Eighth Amendment.  Thus, Defendants are entitled to qualified immunity.

defendant knew of and disregarded "an excessive risk to [the prisoner's] health or safety," *id.* at 837.

Deliberate indifference to serious medical needs of prisoners may be found when a prison guard intentionally denies or delays access to medical care. *See Estelle*, 429 U.S. at 104-05; *Key v. McLaughlin*, Civil Action No. 10-cv-00103-WJM-CBS, 2013 WL 1507950, at *4 (D. Colo. March 19, 2013) ("An Eighth Amendment violation may lie where the inmate complains of treatment that is merely delayed, rather than refused.") (citing *Sealock v. Colorado*, 218 F.3d 1205, 1210 (D. Colo. 2000), *overruled on other grounds*, *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008)). "To the extent a correctional officer is serving as a 'gatekeeper' for medical personnel capable of treating an inmate's condition, he or she may be liable under the Eighth Amendment to the extent that they delayed or refused to fulfill that gatekeeper role." *Id.* (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)); *see also Sparks v. Rittenhouse*, 164 F. App'x 712, 2006 WL 158891, at *718 (10th Cir. Jan. 23, 2006) (an Eighth Amendment claim "may also arise when a prison official acts with deliberate indifference in preventing a prisoner from receiving treatment or denying him access to medical personnel capable of evaluating the need for treatment.").

In order to satisfy the objective component of the test, a plaintiff "must first produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Mata*, 427 F.3d 751 (quoting *Farmer*, 511 U.S. at 834). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (internal quotation and citation omitted).

"The subjective prong of the deliberate indifference test requires the plaintiff to

present evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751

(citing *Estelle*, 429 U.S. at 106). "The subjective component is satisfied if the official knows

of and disregards an excessive risk to inmate health or safety; the official must be both

aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference." *Id.* (internal quotation omitted). In

order to satisfy this prong the plaintiff "must establish that defendant(s) knew [s]he faced

a substantial risk of harm and disregarded that risk, by failing to take reasonable measures

to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. Dec. 30, 1999) (internal

quotation omitted). In addition, "a delay in medical care 'only constitutes an Eighth

Amendment violation where the plaintiff can show the delay resulted in substantial harm.'"

*Mata*, 427 F.3d at 751 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)).

The requirement of establishing substantial harm "may be satisfied by lifelong handicap,

permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir.

2001).

    Here, Defendants argue that Plaintiff "fails to sufficiently allege that Defendants

knowingly violated a clearly established right." *Motion* [#18] at 10. They further contend

that Plaintiff "fails to sufficiently allege that Defendants 'knew or reasonably should have

known' that their conduct was illegal." *Id.* at 10 (quoting *Harlow*, 457 U.S. at 815). A

medical need is sufficiently serious if it is "one that is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention." *Ramos*, 639 F.2d at 575

(internal quotation omitted). Plaintiff asserts that when she informed Defendant Thorton

that she was not feeling well he "told [her] to go sit down and drink water." *Compl.* [#1] at

5. She further states that when she was told to go back to work, "[Defendant] Thorton

notified [her] that medical was not answering." *Id.* Regarding Defendant Sickendick, Plaintiff alleges that another inmate yelled at hm to get medical assistance and he refused. *Id.* Plaintiff also alleges that another prison guard walking by "noticed that [she] was actually suffering a stroke . . . [and] immediately contacted Medical at DRDC and they took an additional 35 minutes to respond." *Id.* at 6. Finally, Plaintiff mentions that she was admitted to the hospital where she was "treated for the stroke." *Id.* It is unclear from the Complaint what outward symptoms Plaintiff displayed at the time she suffered her stroke. However, the Court will assume that Plaintiff did have some outward signs that other bystanders noticed which resulted in them demanding that medical attention be provided. Therefore, the allegations do meet the objective prong of the deliberate indifference evaluation. Thus, the Court recommends finding that Plaintiff plausibly pleads the objective element required for an Eighth Amendment claim.

Regarding the subjective prong, the Plaintiff has not "establish[ed] that [D]efendant(s) knew [s]he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt*, 199 F.3d at1224 (internal quotation omitted). To the contrary, Plaintiff alleges that Defendant Thorton "told [her] to go sit down and drink water" and notified [her] that medical was not answering." *Compl.* [#1] at 5. This clearly indicates that Defendant Thorton was trying to get medical attention for Plaintiff. Further these allegations come nowhere near establishing that Defendant Thorton knew of and disregarded an excessive risk to Plaintiff's health or safety when he was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," *and* he actually drew that inference. *Farmer*, 511 U.S. at 106; *Mata*, 427 F.3d at 751. With regard to Defendant Sickendick, Plaintiff alleges that another inmate "yelled for

[him] to get medical assistance [and] he refused." *Compl.* [#1] at 5.  This sentence is the only mention of Defendant Sickendick in the Complaint.  The allegation that Defendant Sickendick refused to call for medical help does not establish that he knew of a substantially serious risk of harm to Plaintiff and disregarded it.  This is particularly true when Defendant Thorton had already attempted to contact the prison's medical staff.  Therefore, in consideration of the above-stated precedent, the Court concludes that Plaintiff fails to state a plausible violation of her Eighth Amendment rights, and **recommends** that the claim against Defendants in their individual capacities be **dismissed without prejudice**.

## C.    Suit Against Defendants in Their Official Capacities

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants contend that the doctrine of sovereign immunity bars the Court from exercising subject-matter jurisdiction over Plaintiff's claims for monetary damages against them in their official capacities.  *Motion* [#18] at 1-2; *see Compl.* [#1] at 4 (alleging that each Defendant was "acting under color of state law" at the time of the alleged conduct giving rise to Plaintiff's claims and stating that Defendant Thorton "is an employee of" the CDOC). The Court agrees.

"Suits against state officials in their official capacity should be treated as suits against the state." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (stating that state officers sued in their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983.).  The doctrine of sovereign immunity bars "a citizen from suing his own State under the federal-question head of [subject-matter] jurisdiction."  *Alden v.*

*Maine*, 527 U.S. 706, 727 (1999) (citing *Hans v. Louisiana*, 134 U.S. 1, 14-15 (1890)); *see generally id.* at 728 (noting that "sovereign immunity derives not from the Eleventh Amendment but from the structure of the original Constitution itself" (citations omitted)). The doctrine applies whether the relief sought is legal or equitable, *Papasan v. Allain*, 478 U.S. 265, 276 (1986), and it "confers total immunity from suit, not merely a defense to liability," *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993). Accordingly, the Court lacks subject-matter jurisdiction to adjudicate an action brought by a citizen of Colorado against the state of Colorado, its agencies, or its officials in their official capacities. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). However, the doctrine of sovereign immunity does not bar "a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1980)).

In this case, Plaintiff has invoked the Court's subject-matter jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and requested relief in the form of monetary damages and injunctive relief.[4] *Compl.* [#1] at 10. The doctrine of sovereign immunity applies to 42 U.S.C. § 1983 actions. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, to the extent Plaintiff requests monetary damages from Defendants in their official capacities, her claims are barred. Accordingly, the Court **recommends** that Plaintiff's claims against Defendants in their official capacities seeking monetary damages be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 12(b)(1). *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction

---

[4] The Court will construe Plaintiff's request that the Defendants "be removed from their current positions and reassigned" as a request for injunctive relief. *Compl.* [#1] at 10.

13

is without prejudice and does not have a preclusive effect."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

Unlike claims for money damages against federal officials in their official capacities, the doctrine of sovereign immunity does not bar Plaintiff's claim against Defendants for injunctive relief from alleged constitutional violations. *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (holding that sovereign immunity does not bar an action against federal prison officials for injunctive relief from alleged constitutional violations). However, in order to establish her entitlement to this form of relief, Plaintiff's Complaint must include sufficient factual allegations to state a claim for an Eighth Amendment violation. *Abu-Fakher v. Bode*, 175 F. App'x 179, 181 (10th Cir. 2006) (unpublished). As set forth above, the Court concludes that Plaintiff's Complaint does not adequately state a claim for an Eighth Amendment violation. Therefore, because the Court recommends finding that Plaintiff's Eighth Amendment claim must ultimately be dismissed, the Court further **recommends** that Plaintiff's claim for injunctive relief also be **dismissed**. *See Blevins v. Reid*, No. 06-cv-00969-MSK-KMT, 2008 WL 2428941, at *11 (D. Colo. June 12, 2008).

### IV. Recommendation for Dismissal

Accordingly, the Court respectfully **RECOMMENDS** finding that Plaintiff fails to plead a plausible violation of the Eighth Amendment and thus, Defendants are entitled to qualified immunity.

IT IS FURTHER **RECOMMENDED** that Defendants' Motion [#18] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice**.[5]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73

---

[5] The dismissal of an action pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial. *Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *accord Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *see also Tepper v. Van Dam*, 974 F.2d 1345, 1992 WL 219037, at *3-4 (10th Cir. 1992) (unpublished table decision) (relying on *Okusami*, *Brierly*, and *Cortec* to affirm dismissal of an action with prejudice).   However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend."   *Oxendine*, 241 F.3d at 1275; *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint.") (citations omitted); *Brereton*, 434 F.3d at 1219 ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)).

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  May 24, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge